■ CYNTHIA STEIN, Respondent, v FARAH N. Y., INC., Appellant.—Order, Supreme Court, New York County (William J. Davis, J.), entered on or about October 11, 1989, which granted plaintiff's motion to punish defendant for contempt of court in refusing to comply with two prior directives by refusing to permit plaintiff's expert to inspect the premises owned by defendant and fined it $2,500 plus costs and disbursements of the motion, unanimously reversed, on the law, and the motion denied, with costs to plaintiff-respondent.

This is an action to recover for personal injuries incurred when plaintiff slipped and fell while walking from the ladies room to the dance floor at defendant's "Mars" nightclub in February 1989. On May 15, 1989, the court "so ordered" a stipulation permitting plaintiff's engineer and photographer to inspect the premises, specifically the third floor ladies room leading down to the second level. According to defendant, plaintiff's engineer then tried to inspect the second floor ladies room and at that point, according to plaintiff, defendant's bouncer threw the engineer and the photographer out. On September 14, 1989, the parties again stipulated on the record that plaintiff's expert could inspect the premises within two weeks, specifically, the access route from the bottom of the stairway from the ladies room leading to the main level of the nightclub. When the parties could not agree on their interpretation of CPLR 3101 (d) (1), the court stated: "This is the decision: The defendant will make available for inspection by the plaintiff's expert the area in dispute." However, this directive was never reduced to a written order. Thereafter, by order to show cause dated September 25, 1989, plaintiff moved to hold defendant in contempt for failure to comply with the court's directives, which resulted in the order appealed from.

While cognizant of the need to limit and, in appropriate cases, to punish dilatory or other frivolous conduct by the imposition of financial sanctions *(see,* 22 NYCRR part 130), the finding of contempt and fine imposed here were unwarranted in light of the underlying dispute regarding the site of the accident and the acknowledged failure to reduce the court's September 14th ruling to a written order. Inasmuch as the parties' agreement and the court's directive were never implemented by any order of the court, their violation cannot provide the basis for an adjudication of contempt *(Gingold v Gingold,* 48 AD2d 623). Despite plaintiff's present reliance upon the provisions of 22 NYCRR part 130, the motion below was not made pursuant to such rules, but specifically sought to punish defendant for contempt. Concur—Kupferman, J. P., Asch, Smith and Rubin, JJ.